# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DARRELL CASTILLO,

     Plaintiff,

vs.                                                                          No. CIV 24-1153 JB/SCY

JACK BENNET JACKS, and
ELAINE A. ABEYTA-MONTOYA,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Plaintiff Darrell Castillo's Prisoner's Civil Rights Complaint (dated October 7, 2024), filed November 12, 2024 (Doc. 2-1)("Plaintiff's Complaint"); (ii) Letter by Darrell Castillo, filed November 22, 2024 (Doc. 4); (iii) Letter by Darrell Castillo, filed November 22, 2024 (Doc. 5); (iv) the Plaintiff's Motion for Status Hearing, filed November 29, 2024 (Doc. 6)("Motion for Status Hearing"); (v) Letter by Darrell Castillo, filed December 6, 2024 (Doc. 8); (vi) Letter by Darrell Castillo, filed December 6, 2025 (Doc. 9); (vii) Letter by Darrell Castillo, filed December 9, 2024 (Doc. 10); (viii) Letter by Darrell Castillo, filed December 9, 2025 (Doc. 11); (ix) Letter by Darrell Castillo, filed December 13, 2024 (Doc. 12); (x) Letter by Darrell Castillo, filed December 20 2024 (Doc. 14); (xi) Letter by Darrell Castillo, filed December 30, 2024 (Doc. 17); (xii) Letter by Darrell Castillo, filed January 6, 2025 (Doc. 18); (xiii) Letter by Darrell Castillo, filed February 18, 2025 (Doc. 19); (xiv) the Plaintiff's Motion for Summary Judgment, filed February 27, 2025 (Doc. 20)("Motion for Summary Judgment"); (xv) Letter by Darrell Castillo, filed March 10, 2025 (Doc. 21); (xvi) the Plaintiff's Motion to Stay, filed March 26, 2025 (Doc. 23)("Plaintiff's Motion to Stay"); (xvii) Letter by Darrell Castillo, filed May 16, 2025 (Doc. 24); (xviii) Amended Prisoner Complaint for Violation of Civil Rights, filed May 30, 2025 (Doc. 25)("Amended Complaint"); (xix) Letter by Darrell

Castillo, filed June 27, 2025 (Doc. 29); (xx) Letter by Darrell Castillo, filed July 11, 2025 (Doc. 30); (xxi) Letter by Darrell Castillo, filed July 17, 2025 (Doc. 31); and (xxii) the Defendants:' Jack Bennet Jacks and Elaine Abeyta-Montoya ("Defendants") Notice of Removal, filed November 12, 2024 (Doc. 2); (xxiii) the Defendants' Motion to Dismiss, filed on December 4, 2024 (Doc. 7)("Defendants' Motion to Dismiss"); (xxiv) the Defendants' Motion to Stay, filed on June 13, 2025 (Doc. 26)("Defendants' Motion to Stay").   Having carefully reviewed the record and applicable authority pursuant to 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that Castillo has not stated a cognizable federal claim.   The Court grants the Defendants' Motion to Dismiss, as to all Defendants, including John Rhinehart, Randy Chavez, Monica Cruz, in part, but permits Castillo to file an amended complaint.   The Court also grants the Defendants' Motion to Stay in part and denies the remaining motions without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Castillo originally files his Prisoner's Civil Rights Complaint on October 7, 2024 in New Mexico's Second Judicial District Court, County of Bernalillo, State of New Mexico.   See Complaint ¶ 2, at 6.   Castillo brings claims against State district attorneys Jack Bennet Jacks and Elaine Abeyta-Montoya, contending they violated various Constitutional provisions and State statutes in his State criminal cases, D-202-CR-2019-03220 and D-202-CR-2019-02401.   See Complaint ¶¶ 1-6, at 8-9.   He alleges, among other things, Constitutional violations regarding due process, prosecutorial misconduct, speedy trial, and double jeopardy.   See Complaint ¶¶ 7-10, at 9.

The State criminal docket reflects that, in Case No. D-202-2019-2401, Castillo was charged with two counts of criminal sexual penetration of a child, one count of contributing to the delinquency of a minor, and battery.   See State of New Mexico v. Darrell Castillo, Case No. D-

202-2019-2401, Grand Jury Indictment (County of Bernalillo, Second Judicial District Court, State of New Mexico filed July 30, 2019).   On October 3, 2019, the State of New Mexico entered a "Nolle Prosequi" in Case No. D-202-CR-2019-02401, stating: "[T]he State has re-indicted this case."   The same day, the State of New Mexico charged Castillo in case D-202-2019- 3220 with the same four counts.   See State of New Mexico v. Darrell Castillo, Case No. D-202-2019-03220, Grand Jury Indictment (County of Bernalillo, Second Judicial District Court, State of New Mexico, Grand Jury Indictment filed October 3, 2019).   On May 8, 2025, a State jury found Castillo guilty at trial of two counts of criminal sexual penetration of a child, and on July 24, 2025, the State of New Mexico sentenced Castillo to a total of fifteen years imprisonment, with five years suspended. See State of New Mexico v. Darrell Castillo, Case No. D-202-CR-2019-3220, Judgment and Partially Suspended Sentence (County of Bernalillo, Second Judicial District Court, State of New Mexico, Judgment and Partially Suspended Sentence filed July 24, 2025).   On July 28, 2025, Castillo filed an appeal of his conviction with the Court of Appeals of New Mexico.   See State of New Mexico v. Darrell Castillo, Case No. D-202-CR-2019-3220, Notice of Appeal (County of Bernalillo, Second Judicial District Court, State of New Mexico, Notice of Appeal filed July 28, 2025).   The State docket entries are subject to judicial notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(holding that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack v. McCotter, No. 02-4157, 2003 WL 22422416 (10th Cir. Oct. 24, 2003)(unpublished)(concluding that a State district court's docket sheet is an official court record subject to judicial notice under rule 201 of the Federal Rules of Evidence);[1] Van Duzer v.

---

[1]Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R.

<u>Simms</u>, No. CV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(determining that courts may take judicial notice of New Mexico State criminal dockets).

On November 11, 2024, Defendants Mr. Jacks and Ms. Abeyta-Montoya removed this case to the federal court based on federal-question jurisdiction. <u>See</u> Notice of Removal, filed November 11, 2024 (Doc. 2). On May 30, 2025, Castillo filed the Amended Complaint, in which he restates many of the claims brought in his Complaint, and adds three Defendants -- a defense attorney and two staff members of the State public defender's office. <u>See</u> Amended Complaint ¶¶ 1-4, at 2-5, 13-14. For relief, Castillo asks for dismissal of his State case and a monetary award. <u>See</u> Complaint ¶ 2, at 12; Amended Complaint ¶ 4, at 5. Castillo also has filed sixteen supplemental letters that contain additional factual allegations, claims, and possible Defendants. <u>See</u> Letter by Darrell Castillo, filed November 22, 2024 (Doc. 4); Letter by Darrell Castillo, filed November 22, 2024 (Doc. 5); Letter by Darrell Castillo, filed December 6, 2024 (Doc. 8); Letter by Darrell Castillo, filed December 6, 2025 (Doc. 9); Letter by Darrell Castillo, filed December 9, 2024 (Doc. 10); Letter by Darrell Castillo, filed December 9, 2025 (Doc. 11); Letter by Darrell

---

32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that <u>Stack v. McCotter</u>, <u>McNamara v. Brauchler</u>, 570 F. App'x 741, 743 (10th Cir. 2014), and <u>Pola v. Utah</u>, 458 F. App'x 760, 761 (10th Cir. 2012) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Castillo, filed December 13, 2024 (Doc. 12); Letter by Darrell Castillo, filed December 20 2024 (Doc. 14); Letter by Darrell Castillo, filed December 30, 2024 (Doc. 17); Letter by Darrell Castillo, filed January 6, 2025 (Doc. 18); Letter by Darrell Castillo, filed February 18, 2025 (Doc. 19); Letter by Darrell Castillo, filed March 10, 2025 (Doc. 21); Letter by Darrell Castillo, filed May 16, 2025 (Doc. 24); Letter by Darrell Castillo, filed June 27, 2025 (Doc. 29); Letter by Darrell Castillo, filed July 11, 2025 (Doc. 30); Letter by Darrell Castillo, filed July 17, 2025 (Doc. 31); ("Supplemental Filings"). These Supplement Filings discuss the claims that Castillo brings in his Complaint and in the Amended Complaint, and assert claims regarding conditions of confinement and access to legal resources. Castillo also has filed Motion for Status Hearing, Motion for Summary Judgment, and Plaintiff's Motion to Stay. Mr. Jacks and Ms. Abeyta-Montoya filed Motion to Dismiss and Defendants' Motion to Stay. The Court considers whether there are grounds for dismissal and whether the Complaint otherwise states a cognizable claim under 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A (requiring an initial screening of all prisoner complaints against a government entity).

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e). The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which a court may grant relief under rule 12(b)(6) of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1915(e). Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and, when reviewing the

complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(this district court adds first and third alteration, second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."  Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original). The United States Court of Appeals for the Tenth Circuit has states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro parties must file a legible pleading that complies with rule 8. That rule requires "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "It is not the role of . . . the court . . . to sort through a

lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."
McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014(unpublished)(quoting Schupper
v. Edie, 193 F. App'x 744, 746 (10th Cir. 2006)).    See Pola v. Utah, 458 F. App'x 760, 761 (10th
Cir. 2012)(unpublished)(affirming dismissal of complaint that "included everything but the
kitchen sink").  Allowing such pleadings to survive screening "would force the Defendants to
carefully comb through" various documents "to ascertain which . . . pertinent allegations to which
a response is warranted."  McNamara v. Brauchler, 570 F. App'x at 743.

### LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or other proper proceeding for
> redress[.]

42 U.S.C. § 1983.  Section 1983 creates only the right of action, and it does not create any
substantive rights; substantive rights must come from the Constitution of the United States or from
a federal statute.   See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983
'did not create any substantive rights, but merely enforce[s] existing constitutional and federal
statutory rights.'")(quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir.
1998)(brackets in Nelson v. Geringer, but not in Ellis v. Univ. of Kansas Med. Ctr.). Section 1983
authorizes an injured person to assert a claim for relief against a person who, acting under color of
state law, violates the claimant's federally protected rights.   To state a valid claim under § 1983,
a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprives the

plaintiff of that right acts under color of State law.   See West v. Atkins, 487 U.S. 42, 48 (1988).

The Court notes:

> [A] plaintiff must establish (1) a violation of rights protected by the federal
> Constitution or created by federal statute or regulation, (2) proximately caused (3)
> by the conduct of a "person" (4) who acted under color of any statute, ordinance,
> regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M.

2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a

government agent in his or her individual capacity, "a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the Constitution."

Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Consequently, there is no respondeat superior

liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown,

520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the existence of an employer-

employee relationship with an alleged tortfeasor.   See Monell v. Dep't of Soc. Servs. of City of

N.Y., 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own

unconstitutional or illegal policies, and not for their employees' tortious acts.   See Barney v.

Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they know

or reasonably should know that their conduct would lead to the deprivation of a plaintiff's

constitutional rights by others, and an unforeseeable intervening act has not terminated their

liability.   See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C.

§ 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).   The Tenth Circuit also recognizes

that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials

based on an employee's or subordinate's constitutional violations.   See Garcia v. Casuas, No. CIV

11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing

Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).   The language that may have altered

the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is

inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution."   Ashcroft

v. Iqbal, 556 U.S. at 676.   The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we
> conclude the following basis of § 1983 liability survived it and ultimately resolves
> this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor
> who creates, promulgates, implements, or in some other way possesses
> responsibility for the continued operation of a policy the enforcement (by the
> defendant-supervisor or her subordinates) of which "subjects, or causes to be
> subjected" that plaintiff "to the deprivation of any rights . . . secured by the
> Constitution[]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).

The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983

supervisory liability as we previously understood it in this circuit in ways we do not need to address

to resolve this case."   Dodds v. Richardson, 614 F.3d at 1200.   It concludes that Ashcroft v. Iqbal

does not alter "the Supreme Court's previously enunciated § 1983 causation and personal

involvement analysis."   Dodds v. Richardson, 614 F.3d at 1200.   More specifically, the Tenth

Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts

by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise --

showing their authorization or approval of such misconduct." Dodds v. Richardson, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for Constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court in that case finds a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING IMMUNITY OF PROSECUTORS AND DEFENSE ATTORNEYS

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The common law has long recognized that prosecutors must be given immunity from the chilling effects of civil liability. See Burns v. Reed, 500 U.S. 478, 485 (1991). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430. This includes initiating a prosecution, presenting the State's case, evaluating evidence, determining whether probable cause exists, and conducting plea negotiations. See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991); Nielander v. Board of County Com'rs., 582 F.3d 1155, 1164 (10th Cir. 2009).

Although public defenders and defense attorneys do not enjoy the same immunity as judges and prosecutors, they likewise cannot be sued under § 1983. A plaintiff can succeed in a § 1983 action only where the defendant acted under color of State law. See West v. Atkins, 487 U.S. at

48.   The Supreme Court specifically holds that a public defender does not act under color of State law when acting as counsel to a defendant in a criminal proceeding.   See Polk County. v. Dodson, 454 U.S. 312, 315 (1981).   The rule also extends to "counsel [that] is privately retained." Vermont v. Brillon, 556 U.S. 81, 91 (2009).   As the Supreme Court explains: "Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."   Vermont v. Brillon, 556 U.S. at 91 (quoting Polk County v. Dodson, 454 U.S. at 318).   See Dunn v. Harper County, 520 Fed. App'x. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. April 5, 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant."). Thus, a plaintiff cannot recover damages from his state defense lawyer, even if the representation was inadequate, because "the conduct" is not "chargeable to the state."   Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983).

## <u>LAW REGARDING</u> YOUNGER <u>ABSTENTION</u>

Under the abstention doctrine that the Supreme Court articulates in Younger v. Harris, 401 U.S. 37 (1971)("Younger"), "federal courts should not 'interfere with state court proceedings' by granting equitable relief -- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" -- when the state forum provides an adequate avenue for relief.   Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001)(quoting Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999)).   Younger abstention is not a doctrine belonging only to courts of equity, although the doctrine arose from parties seeking equitable relief from State court proceedings in federal court; the Tenth Circuit has "not treated abstention as a 'technical rule of equity procedure,' [r]ather, [it has] recognized that

the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." Morrow v. Winslow, 94 F.3d 1386, 1392 (10th Cir. 1996)(quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 (1996)). This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs." J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)(quoting Seneca-Cayuga Tribe v. Oklahoma, 874 F.2d 709, 711 (10th Cir. 1989)).

For Younger abstention to be appropriate, the Tenth Circuit holds that three elements must be present: (i) interference with an ongoing State judicial proceeding; (ii) involvement of important State interests; and (iii) an adequate opportunity afforded in the State court proceedings to raise the federal claims. See J.B. ex rel. Hart v. Valdez, 186 F.3d at 1291 (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, (1982)("Middlesex")); Sw. Air Ambulance, Inc. v. City of Las Cruces, 268 F.3d 1162, 1177-78 (10th Cir. 2001). When all of the elements mandating abstention clearly exist in the record, courts may and should address application of the Younger abstention doctrine sua sponte. See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976)("Abstention may be raised by the court sua sponte."); Morrow v. Winslow, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996)(raising and applying Younger abstention doctrine sua sponte, and holding that parties need not raise the Younger abstention doctrine to preserve its applicability).

## LAW REGARDING HECK v. HUMPHREY'S BAR

The Heck v. Humphrey doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation." McDonough v. Smith, 588 U.S. 109, 118 (2019). In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court addresses the question when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Supreme Court holds that,

when a State prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff necessarily implies his convictions invalidity or his sentences invalidity.   See Heck v. Humphrey, 512 U.S. at 487.   If the civil judgment sought would invalidate a sentence or conviction, the court must dismiss the complaint with prejudice.   See Heck v. Humphrey, 512 U.S. at 487.   Similarly, although in some circumstances a prospective injunction may be available under Section 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence.   See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).   See also Edwards v. Balisok, 520 U.S. 641 (1997).

## ANALYSIS

The Court grants in part and denies in part, as to all defendants from the Complaint and Amended Complaint, the Defendants' Motion to Dismiss.   To the extent Defendants seek a more definite statement of Castillo's claims, the Defendants' Motion to Dismiss is granted in part, and it is denied in part, allowing Castillo to file an amended complaint.   The Defendants' Motion to Stay is granted in part, as to the pre-screening obligations, and is denied in part, as the Court will continue to work on the case and review the existing files. Castillo is directed to file an amended complaint, and Castillo's remaining motions, including Plaintiff's Motion for Status Hearing, the Plaintiff's Motion for Summary Judgment, the Plaintiff's Motion to Stay, and the Supplemental Filings, are all denied as moot.

I.    **The Court Grants the Defendants' Motion to Stay with Regards to the Defendants' Pre-Screening Obligations.**

The Defendants seek a stay of the proceedings pending resolution of their Motion to Dismiss.   See Defendants' Motion for Stay of Proceedings, filed June 13, 2025 (Doc.

26)("Defendants' Motion to Stay").   By statute, the Court must screen all civil complaints where, as here, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A.   Sua sponte dismissal is required where the complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune.   See 28 U.S.C. §1915A(b).   Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action that a prisoner brings until the Court orders a response.   See 42 U.S.C. §1997e(g)(1)-(2).   Prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules.   See D.N.M.LR-Civ. 16.3(d)("Local Discovery Rules").

Consistent with these authorities, the Defendants need to take further action in this case until after the initial review process is complete.   The Court grants the Motion to Stay in part to the extent it applies to Defendants' pre-screening obligations.   The Defendants need not respond to Castillo's filings or engage in discovery unless and until the Court otherwise orders.   The Court does not stay proceedings entirely, however, as the Court will continue to work on the case and review the existing filings.   If Castillo's claims survive initial review, the Court enters a separate order setting a deadline for Defendants to file an answer

## II.    Castillo Must File a Single Amended Pleading.

Castillo's Complaint and Amended Complaint contain narratives discussing multiple allegations, such as violation of Castillo's Constitutional rights relating to his State criminal cases and violation of State statutes.   See Complaint ¶¶ 1-2, at 8-9; Amended Complaint ¶¶ 1-4, at 2-5, 13-14.   Castillo's Supplemental Filings contain additional factual allegations, claims, and Defendants regarding unsafe prison conditions, and access to legal resources.   See, e.g., Letter by Darrell Castillo, filed November 22, 2024 (Doc. 5).   "It is not the role of either the court or the

defendant to sort through a lengthy . . . complaint and voluminous [supplemental pleadings] . . . to construct plaintiff's causes of action." McNamara v. Brauchler, 570 Fed. App'x 741, 743 (10th Cir. 2014)("McNamara"). See Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Pola v. Utah, 458 Fed. Appx. 760, 762 (10th Cir. 2012)(rejecting submissions that include "everything but the kitchen sink"). Accepting Castillo's piecemeal pleadings forces the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." McNamara, 570 Fed. App'x at 743. This problem is particularly difficult here, as Castillo has not set out a short and plain statement of any claim showing that he is entitled to relief. The piecemeal pleadings impede the screening function under 28 U.S.C. § 1915A, because the Court cannot discern which claims Castillo seeks to pursue or whether specific claims against specific Defendants have merit. See 28 U.S.C. § 1915A (requiring courts to sua sponte screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief the court may grant).

Consistent with these authorities, the Court declines to consider Castillo's current pleadings, and, within thirty days of this ruling, Castillo must file a single amended complaint on the proper form § 1983 complaint. The amendment must contain all claims and list all Defendants that Castillo seeks to include in this case, and it must not exceed thirty pages in length. The amendment must also contain a short and plain statement demonstrating the grounds for relief, as rule 8 requires. The amendment must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins, 519 F.3d at 1249-50 (emphasis in original). Castillo must allege that each government official, through the official's own individual actions, personally has violated the Constitution.

See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).   Moreover, "a Defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."   Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).   See Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)(stating that, to plead supervisor's liability, the plaintiff must show the defendant personally directed alleged offensive conduct or knew others are violating the plaintiff's rights).

In addition, to the extent Castillo seeks to sue prosecutors or defense attorneys, such claims are subject to dismissal.   Prosecutors are immune from civil suits for damages under § 1983 in the performance of their prosecutorial functions.   See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010)("State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process.").   "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant."   Dunn v. Harper County, 520 Fed. App'x. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. April 5, 2013).

If Castillo states damages for an allegedly unconstitutional conviction or imprisonment, such claims also are not viable under § 1983.   See Heck, 512 U.S. at 486-87 ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment . . . , a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]")   Similarly, Castillo may not challenge an ongoing State court proceeding where the State forum provides an adequate avenue for relief.   See Younger, 401 U.S. 37.   If Castillo wants to challenge the validity of his state conviction or sentence, he should submit

- 17 -

a completed petition under 28 U.S.C. § 2254.  See Naves v. Bigelow, 565 F. App'x 678, 679 n.1 (10th Cir. 2014)(stating that "[a] proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).  If Castillo wants to challenge his sentences execution or his pretrial detention, he should submit a completed petition under 28 U.S.C. § 2241.  See Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to . . . 28 U.S.C. § 2241."); Davis v. Roberts, 425 F.3d 830,833 (10th Cir. 2005)("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241.").

If Castillo does not file timely a single, amended complaint that complies with these instructions -- or if he continues to file piecemeal submissions that violate rule 8(a) -- the Court may dismiss this case with or without prejudice.  The Court grants the Defendants' Motion to Dismiss to the extent Defendants seek a more definite statement of Castillo's claims.  The Defendants may refile a Motion to Dismiss after Castillo files an amended complaint.

**III.    The Court Denies All Remaining Motions as Moot.**

The Court denies all remaining motions without prejudice, specifically: Plaintiff's Motion for Status Hearing; Plaintiff's Motion for Summary Judgment; and Plaintiff's Motion to Stay. Such motions are moot in light of the Court's ruling directing an amended complaint.

**IT IS ORDERED** that: (i) the Defendants' Motion to Dismiss, filed December 4, 2024 (Doc. 7), is granted in part, as to all Defendants, including John Rhinehart, Randy Chavez, Monica Cruz, and (ii) is denied in part, permitting the Plaintiff to file an amended complaint; (iii) the Defendants' Motion to Stay, filed June 13, 2025 (Doc. 26), is granted in part, as to the Defendants' pre-screening obligations, and is (iv) denied in part, as the Court will continue to work on the case and review the existing files; (v) the Plaintiff's Motion for Status Hearing, filed November 29,

2024 (Doc. 6) is denied as moot; (vi) the Plaintiff's Motion for Summary Judgment, filed February

27, 2025 (Doc. 20) is denied; (vii) the Plaintiff's Motion to Stay, filed March 26, 2025 (Doc. 23)

is denied; (viii) the Plaintiff must file a single amended complaint within thirty days of entry of

this Order that appears on the Court's official form, containing all claims and all defendants that

Plaintiff seeks to include in the case, and it must contain a short and plain statement demonstrating

the grounds for relief, making clear who is alleged to have done what to whom, not to exceed thirty

pages in length; (ix) the Clerk's Office shall mail Plaintiff a blank 42 U.S.C. § 1983 civil rights

complaint, a blank 28 U.S.C. § 2241 habeas petition, and a blank 28 U.S.C. § 2254 habeas petition;

(x) all other motions and Supplemental Filings are denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Darrell Castillo
Los Lunas, New Mexico

*Plaintiff pro se*

Thomas C. Bird
Chris R. Bird
Jennings Haug Keleher McLeod Waterfall LLP
Albuquerque, New Mexico

*Attorneys for the Defendants*