# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DARRELL CASTILLO,

     Plaintiff,

vs.                                                                                      No. CIV 24-1153 JB/SCY

JACK BENNET JACKS, and
ELAINE A. ABEYTA-MONTOYA,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Castillo Darrell Castillo's failure to amend his pleadings as the Court directs.   Castillo is proceeding pro se and is incarcerated when he files his claims.   The Court enters a Memorandum Opinion and Order, filed September 15, 2025, (Doc. 33)("Screening MOO"), granting in part Defendants' Motion to Dismiss, filed December 4, 2024 (Doc. 7), and directing Castillo to file a single, amended complaint that complies with rule 8(a) of the Federal Rules of Civil Procedure.   See Screening MOO at 8-9. Because Castillo has not complied with the Screening MOO, and having reviewed applicable law and the record, the Court dismisses this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Castillo originally files his Complaint on October 7, 2024, in New Mexico's Second Judicial District Court, County of Bernalillo, State of New Mexico.   See Prisoner's Civil Rights Complaint (filed in State court October 7, 2024), filed in federal court November 12, 2024 (Doc. 2-1)("Complaint").   Castillo brings claims against State district attorneys Defendants Jack Bennet Jacks and Elaine A. Abeyta-Montoya, contending that they violated various Constitutional provisions and State statutes in his state criminal cases, D-202-CR-2019-3220 and D-202-CR-2019-2401.   See Complaint ¶¶ 1-6, at 8-9.   He alleges, among other things, Constitutional

violations regarding due process, prosecutorial misconduct, speedy trial, and double jeopardy. See Complaint ¶¶ 7-10, at 9.

The State criminal docket reflects that, in Case No. D-202-2019-2401, Castillo was charged with two counts of criminal sexual penetration of a child, one count of contributing to the delinquency of a minor, and battery.  See State of New Mexico v. Darrell Castillo, Case No. D-202-2019-2401, Grand Jury Indictment (County of Bernalillo, Second Judicial District Court, State of New Mexico filed July 30, 2019).   On October 3, 2019, the State entered a "Nolle Prosequi" in Case No. D-202-CR-2019-2401, stating: "[T]he State has re-indicted this case."   The same day, Castillo was charged in case D-202-2019-3220 with the same four counts.  See State of New Mexico v. Darrell Castillo, Case No. D-202-2019-03220, Grand Jury Indictment (County of Bernalillo, Second Judicial District Court, State of New Mexico, Grand Jury Indictment filed October 3, 2019).   On May 8, 2025, Castillo was found guilty at trial of two counts of criminal sexual penetration of a child, and on July 24, 2025, he was sentenced to a total of fifteen years imprisonment, with five years suspended.   See State of New Mexico v. Darrell Castillo, Case No. D-202-CR-2019-3220, Judgment and Partially Suspended Sentence (County of Bernalillo, Second Judicial District Court, State of New Mexico, Judgment and Partially Suspended Sentence filed July 24, 2025).   On July 28, 2025, Castillo filed an appeal of his conviction with the Court of Appeals of New Mexico.   See State of New Mexico v. Darrell Castillo, Case No. D-202-CR-2019-3220, Notice of Appeal (County of Bernalillo, Second Judicial District Court, State of New Mexico, Notice of Appeal filed July 28, 2025).   The State docket entries are subject to judicial notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(holding that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack v. McCotter,

No. 02-4157, 2003 WL 22422416 (10th Cir. Oct. 24, 2003)(unpublished)(concluding that a State

district court's docket sheet is an official court record subject to judicial notice under rule 201 of

the Federal Rules of Evidence);[1] Van Duzer v. Simms, No. CIV 18-0405 JB/LF, 2018 WL

2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(determining that courts may take judicial

notice of New Mexico State criminal dockets).

On November 11, 2024, Jacks and Abeyta-Montoya and Jacks removes the case to the

federal Court based on federal-question jurisdiction.   See Notice of Removal, filed November 11,

2024 (Doc. 2).   On May 30, 2025, Castillo files the Amended Prisoner Complaint for Violation

of Civil Rights, filed May 30, 2025 (Doc. 25)("Amended Complaint"), in which he restates many

of the claims in his Complaint and adds three Defendants -- a defense attorney and two staff

members of the State public defender's office.   See Amended Complaint ¶¶ 1-4, at 2-5, 13-14.

For relief, Castillo asks for dismissal of his State case and a monetary award.   See Complaint ¶ 2,

at 12; Amended Complaint ¶ 4, at 5.   Castillo files sixteen supplemental letters that contain

additional factual allegations, claims, and possible defendants.   See Letter by Darrell Castillo,

---

[1] Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The United States Court of Appeals for the Tenth Circuit states:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.   However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Stack v. McCotter, Naves v. Bigelow, 565 F. App'x 678 (10th Cir. 2014), and DeAtley v. Williams, 782 F. App'x 736 (10th Cir. 2019) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

- 3 -

filed November 22, 2024 (Doc. 4); Letter by Darrell Castillo, filed November 22, 2024 (Doc. 5); Letter by Darrell Castillo, filed December 6, 2024 (Doc. 8); Letter by Darrell Castillo, filed December 6, 2025 (Doc. 9); Letter by Darrell Castillo, filed December 9, 2024 (Doc. 10); Letter by Darrell Castillo, filed December 9, 2025 (Doc. 11); Letter by Darrell Castillo, filed December 13, 2024 (Doc. 12); Letter by Darrell Castillo, filed December 20 2024 (Doc. 14); Letter by Darrell Castillo, filed December 30, 2024 (Doc. 17); Letter by Darrell Castillo, filed January 6, 2025 (Doc. 18); Letter by Darrell Castillo, filed February 18, 2025 (Doc. 19); Letter by Darrell Castillo, filed March 10, 2025 (Doc. 21); Letter by Darrell Castillo, filed May 16, 2025 (Doc. 24); Letter by Darrell Castillo, filed June 27, 2025 (Doc. 29); Letter by Darrell Castillo, filed July 11, 2025 (Doc. 30); Letter by Darrell Castillo, filed July 17, 2025 (Doc. 31); ("Supplemental Filings"). These Supplement Filings discuss the claims in Castillo's Complaint and Amended Complaint, and assert claims regarding conditions of confinement and access to legal resources. Jacks and Abeyta-Montoya file a Motion to Dismiss on December 4, 2024 (Doc. 7), and a Motion to Stayon June 13, 2025 (Doc. 23).

On September 15, 2025, the Court enters the Screening MOO setting forth the pleading standards for rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, and the requirements for stating a valid claim under 42 U.S.C. § 1983. See Screening MOO at 5-11. The Court also sets forth the law regarding immunity of prosecutors and defense attorneys, the Younger v. Harris, 401 U.S. 37 (1971),[2] abstention doctrine prohibiting interfering with State court proceedings, and

---

[2] Under Younger v. Harris, 401 U.S. 37 (1971), federal courts generally refrain from interfering with ongoing state judicial proceedings when the state forum provides an adequate opportunity for relief. See Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001). Younger abstention applies where there is (i) an ongoing state proceeding, (ii) important state interests, and (iii) an adequate opportunity to raise federal claims. See J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1291 (10th Cir. 1999)(citing Middlesex Cnty. Ethics Comm. v.

the <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994),[3] bar on collateral attacks on criminal judgments through civil litigation.   <u>See</u> Screening MOO at 11-14.   The Court holds that Castillo's piecemeal pleadings do not comply with rule 8, grants in part the Defendants' Motion to Dismiss, as to all defendants, and directs Castillo to file a single Amended Complaint that complies with rule 8(a). <u>See</u> Screening MOO at 14-19.   The Court directs Castillo to file a single Amended Complaint on the proper § 1983 complaint form that contains all of his claims and lists all Defendants he seeks to include in this case.   The Court explains that Castillo's claims seeking damages for an allegedly unconstitutional conviction or imprisonment are not viable under § 1983.

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment . . . , a § 1983 Castillo must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]"

<u>Heck v. Humphrey</u>, 512 U.S. at 486-87.   Similarly, the Court explains that Castillo may not challenge an ongoing State court proceeding where the State forum provides an adequate avenue for relief.   <u>See</u> <u>Younger v. Harris</u>, 401 U.S. at 37.

In response to the Screening MOO, Castillo files a one-page Letter from Darrell Castillo to the United States District Court Clerk's Office (dated October 2, 2025), filed October 3, 2025 (Doc. 34)("Letter").   Castillo re-asserts that the State improperly files his State criminal case, and he asks the Court to "keep the case open longer" to see how the Court of Appeals of New Mexico

---

<u>Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).   Courts may raise the doctrine sua sponte. <u>See</u> <u>Bellotti v. Baird</u>, 428 U.S. 132, 143 n.10 (1976).

[3] Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a plaintiff may not pursue a § 1983 action where success would necessarily imply the invalidity of an existing conviction or sentence. <u>See</u> <u>McDonough v. Smith</u>, 588 U.S. 109, 118 (2019).   This bar applies not only to claims for damages, but also to requests for declaratory or injunctive relief where such relief would necessarily undermine the validity of the conviction or sentence.   <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 80-81 (2005).

rules.  See Letter at 1.  The Court analyzes whether to dismiss this case under rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and to comply with orders.

**ANALYSIS**

Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the Castillo fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir.2002)).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a Castillo's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty.

- 6 -

Justice Center, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions.  See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)).

Here, Castillo has not filed an Amended Complaint on the § 1983 form, nor does he address any of the pleading requirements that the Screening MOO discusses.  Castillo's files his Letter in response to the Screening MOO, but the Letter does not address the pleading requirements or remedy any of the defects in his original Complaint.  While Castillo asks the Court to "keep the case open longer," he does not indicate an intent to file an Amended Complaint that complies with the Screening MOO.  See Letter at 1.  In light of these failures, the Court denies the relief that Castillo requests in his Letter, and dismisses this case pursuant to 41(b) for failure to prosecute, and to comply with rules and orders.  See Olsen v. Mapes, 333 F.3d at 1204.  After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the dismissal is without prejudice.  The Court reminds Castillo that, if he wants to challenge his State conviction or sentence's validity, he must submit a completed petition under 28 U.S.C. § 2254, and, if he wishes to challenge the execution of his sentence or his pretrial detention, he must submit a completed petition under 28 U.S.C. § 2241.  See Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to . . . 28 U.S.C. § 2241."); Davis v. Roberts, 425 F.3d 830,833 (10th Cir. 2005)("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); Naves v. Bigelow, 565 F. App'x 678, 679 n.1 (10th Cir.

2014)(unpublished)(stating that "[a] proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence" in federal court).   To the extent necessary, the Court also denies a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, because the failure to prosecute this case is not reasonably debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(establishing that a district court may issue a COA only in habeas cases where "reasonable jurists would find the . . . assessment of the constitutional claims debatable or wrong"); DeAtley v. Williams, 782 F. App'x 736, 737 (10th Cir. 2019)(unpublished)(declining to issue a COA after district court dismisses habeas petition and denies a COA under rule 41).

IT IS ORDERED that (i) the Plaintiff's Prisoner's Civil Rights Complaint (filed in State court on October 7, 2024), filed in federal court on November 12, 2024 (Doc. 2-1), and Amended Complaint, filed May 30, 2025 (Doc. 25), is dismissed without prejudice; (ii) the relief requested in the Plaintiff's Letter from Darrell Castillo to the United States District Court Clerk's Office (dated October 2, 2025), filed October 3, 2025 (Doc. 34), is denied; (iii) the Court denies a Certificate of Appealability; and (iv) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Darrell Castillo
Los Lunas, New Mexico

    *Plaintiff pro se*

Thomas C. Bird
Chris R. Bird
Jennings Haug Keleher McLeod Waterfall LLP
Albuquerque, New Mexico

    *Attorneys for the Defendants*